BESSON v. LEVEY.

(Supreme Court, Appellate Term. May 15, 1908.)

1. TROVER AND CONVERSION—WHAT CONSTITUTES CONVERSION.

There is no conversion, authorizing recovery, where one leaves materials at a dressmaker's place of business and never calls for or demands the same, and they are produced and tendered her at the trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trover and Conversion, §§ 60, 61.]

2. DAMAGES—EVIDENCE.

Silk which one left with a dressmaker is not shown to have been ruined, so as to authorize recovery of its value, by testimony that when taken away "it was a sight."

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Jeannette Besson against Leah Levey. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

George W. Olvany, for appellant.

Henry J. Goldsmith, for respondent.

GILDERSLEEVE, P. J. The plaintiff is a dressmaker, and brought this action against the defendant, claiming the sum of $25 for goods sold and delivered and the sum of $10 for repairing two dresses for the defendant. The defendant admitted the plaintiff's claim, but counterclaimed for damages alleged to have been done to the dresses by reason of improper workmanship to the amount of $11, also for damages to a certain amount of silk delivered to plaintiff by defendant to the extent of $15, and claimed the sum of $50 for laces and dress materials delivered to the plaintiff which the defendant claimed had never been returned to her. The lower court allowed plaintiff's claim of $35, disallowed defendant's claim of $11, but allowed her claims of $50 and $15, respectively, and gave judgment for $30 in her favor.

The evidence given in support of the two counterclaims allowed by the court was insufficient to authorize the allowance of the same. The undisputed testimony was that, as to the laces and materials delivered to the plaintiff by the defendant, they were left at plaintiff's place of business, were never thereafter called for or demanded of the plaintiff, and they were produced in court at the trial by the plaintiff, and were offered to the defendant and by her refused. In reference thereto the court said:

"So far as conversion goes, no demand was proved, and there can be no conversion where no demand was proved."

Nevertheless the court allowed this claim. As to the claim of the defendant for the value of the silk, it appears that the defendant took some silk, valued at $15, to plaintiff's place of business, and took it away again the same week. The claim that plaintiff ruined the silk is based upon the statement of the defendant that when the silk was returned "it was a sight." This does not show that the silk was ruined or valueless, and plaintiff could not be charged with its value upon that testimony alone.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.